■ AVIAN BATES, INC., et al., Plaintiffs, v STUYVESANT INSURANCE CO., Defendant and Third-Party Plaintiff-Appellant; ARGONAUT INSURANCE Co. et al., Third-Party Defendants-Respondents, et al., Third-Party Defendant.— Appeals (1) from an order of the Supreme Court at Special Term entered December 23, 1976 in Sullivan County, which granted a motion to dismiss the third-party complaint for failure to state a cause of action and (2) from a further order of that court, entered May 23, 1977, which denied third-party plaintiff's motion to vacate its default in repleading and to voluntarily discontinue its third-party complaint without prejudice. Plaintiff sued on a policy of fire insurance issued by the Stuyvesant Insurance Company, the defendant and third-party plaintiff herein. By way of a "counterclaim", Stuyvesant sought to implead others, including the Argonaut Insurance Company, but Special Term dismissed the third-party complaint as to Argonaut on the ground it failed to state a cause of action against that insurer. This appeal ensued. Stuyvesant later sought to vacate its default in repleading and to discontinue its action against Argonaut, but relief was denied by Special Term and the second appeal was taken from this subsequent order. The basis of the third-party complaint against Argonaut is that it had agreed to issue a substitute policy of fire insurance to plaintiffs, thereby relieving Stuyvesant from its obligations, but failed to do so in the manner contemplated by the parties. It is founded on a theory of indemnification and is not necessarily predicated on the existence of a separate Argonaut policy issued and in effect on the date of plaintiff's loss. Therefore, we disagree with Special Term's conclusion that plaintiffs' acceptance of any replacement policy was a necessary element of defendant's causes of action against Argonaut. Since the third-party complaint should be reinstated, we must also reverse the second order appealed from and do so without passing on the merits of the arguments addressed to that portion of the appeal. Orders reversed, on the law and the facts, without costs; motion to dismiss the third-party complaint denied and third-party defendants are directed to serve their answers within 10 days after service of the notice of entry of the order to be entered hereon. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.